## SUMP v FAUVER

Ohio Appeals, 9th Dist, Lorain Co
No 523. Decided April 30, 1930

John K. Nece, Elyria, for Sump.
A. H. West, Elyria, for Fauver.

purpose of showing the estimated value of plaintiff's half interest in the fixtures and equipment as a basis of settlement, and was a part of and only one item of the whole agreement of dissolution.

The issue thus being whether the dissolution agreement was as claimed by plaintiff or as claimed by defendant, it is apparent that the question of want of consideration is not in this case.

Under the pleadings, the burden was with plaintiff to prove that the dissolution agreement was as he claimed. Even if the paper writing could be said to be a promissory note, it would be only prima facie evidence of the debt and subject to explanation, so that, under the pleadings, the burden would be upon the plaintiff to prove, by a preponderance of the evidence, the purpose for which it was given.

We therefore hold that the court erred in holding that the burden was upon the defendant "to show it (the paper writing) was without consideration," and in requiring the defendant to first introduce his testimony and placing the burden upon him to prove the allegations of his pleadings, and that it was error for the court to direct a verdict for the plaintiff upon the testimony of the defendant without any testimony being offered to support the allegations of the plaintiff's pleadings.

The judgment will therefore be reversed and the cause remanded for further proceedings according to law.

Pardee, J., and Washburn, J., concur.

FUNK, PJ.

The issue presented by the pleadings is clearly whether the dissolution agreement was as claimed by plaintiff, which is in substance that defendant agreed to take over all the assets of the partnership, pay all its debts, allow plaintiff all he had received on drawing account, and pay plaintiff the sum of $100 for his interest in the fixtures and equipment, separate and paart from the dissolution agreement, or whether it was as claimed by defendant, which is that defendant agreed only to dispose of their stock, fixtures and equipment, collect the accounts owing said partnership, pay its debts, and account to plaintiff for the balance, if any, and that said paper writing was given only as a memorandum for the